David J. McGlothlin, Esq. (SBN: 253265)
david@westcoastlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile:  (602) 230-4482

Attorneys for the Plaintiff
Angela Antoine

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

[PORTLAND DIVISION]

| | |
|---|---|
| Angela Antoine, on behalf of themselves and all others similarly situated,<br><br>                        Plaintiff,<br>v.<br><br>Ray Klein, Inc., dba Professional Credit Service,<br><br>                        Defendant. | **Case Number:**<br><br>**[CLASS ACTION]**<br><br>**Complaint For Violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et. seq*.**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors,

       to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Angela Antoine ("Plaintiff"), through her attorneys, brings this action to challenge the actions of Ray Klein, Inc. ("Defendant") with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiff alleges that all violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692, *et seq.*, and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendant's violations of the FDCPA.

8. Because Defendant operates and does business within the State of Oregon, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391 because the actions giving rise to Plaintiff's cause of action occurred within this judicial district.

## PARTIES & DEFINITIONS

10. Plaintiff is a natural person who resides in the State of Oregon, City of Portland.

11. Plaintiff is obligated or allegedly obligated to pay a debt, and is, therefore, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12. Defendant is a Washington corporation that regularly does business within the County of Multnomah.

13. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts. In addition, Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to. Defendant is, therefore, a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

14. At all times relevant to this matter, Plaintiff was an individual with his personal residence within the State of Oregon.

15. At all times relevant, Defendant conducted business within the State of Oregon.

16. At all times relevant, Defendant was subject to the laws of the State of Oregon.

17. Sometime before May, 2018, Plaintiff allegedly incurred certain financial obligations to an third party who is not involved in this lawsuit.

18. These financial obligations were primarily for personal, family or household purposes and are, therefore, a "debt" as that term is defined by 15 U.S.C. §1692a(5).

19. Sometime thereafter, Plaintiff allegedly fell behind in the payments owed on the alleged debt. Plaintiff currently disputes the validity of this alleged debt.

20. On or about May, 16, 2018, Defendant filed a lawsuit against Plaintiff to collect the alleged debt.

21. In its complaint, Defendant alleged that Plaintiff owed a principal balance of $870.40 to the City of Portland Water Bureau—plus $301.92 in interest.

22. Plaintiff is informed and believes that the interest amount being charged includes unidentified collection fees, and is not actually interest as alleged.

23. Under 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." This includes, but is not limited to, "[t]he false representation of . . . the character, amount, or legal status of any debt," and "[t]he use of any false or deceptive means to collect or attempt to collect a debt. . . ." 15 U.S.C. 1692e(10).

24. Defendant alleged that Plaintiff owed $301.92 in interest. But not all $301.92 was in interest; a portion of this amount was for unidentified collection fees. Thus, Defendant used a false and deceptive representation in connection with the collection of the debt. In doing so, it violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

25. Under 15 U.S.C. § 1692f, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." This includes, but is not limited to, "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

26. Plaintiff alleges on information and belief that there is no provision in the agreement that created the debt that expressly entitles Defendant to $301.92 in interest fees. Further, there is certainly nothing in this agreement that allows Defendant include collection costs in its calculation of interest. Likewise, neither the $301.92 nor the inclusion of collection fees in the interest calculation is authorized by law. Thus, Defendant violated 15 U.S.C. § 1692f and subdivision (1).

## CLASS ALLEGATIONS

27. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

28. Plaintiff represents and is a member of the Class, which is defined as follows:

> All "consumers" (as that term is defined by 15 U.S.C. § 1692a(3)) who received "communications" (as that term is defined by 15 U.S.C. § 1692a(2)) from Defendant, which allege that they owe interest that is not expressly authorized by an agreement between the consumers and Defendant. This class is limited to those consumers who received the foregoing communications within one year of the filing of this action.

29. Defendant and its employees or agents are excluded from the Class.

30. Plaintiffs do not know the exact number of persons in the Class, but believe them to be in the several hundreds, if not thousands, making joinder of all these actions impracticable.

31. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

32. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class. The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

    - Whether Defendant's interest fees violated the FDCPA;
    - Whether members of the Class are entitled to the remedies under the FDCPA;
    - Whether members of the Class are entitled to declaratory relief;
    - Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA; and
    - Whether Defendant can satisfy the bona fide error affirmative defense.

33. As persons who received at least one communication from Defendant in violation of federal debt collection laws, Plaintiffs are asserting claims that

   are typical of the Class. Plaintiffs will fairly and adequately protect the interests of the Class.

34. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

35. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.

36. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with the FDCPA. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA are $1,000. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

37. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final declaratory relief with respect to the Class as a whole.

38. Plaintiffs contemplate providing notice to the putative class members by direct mail in the form of a postcard and via Internet website.

39. Plaintiffs request certification of a hybrid class for monetary damages and injunctive relief.

COUNT I

FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

15 U.S.C. §§ 1692 ET SEQ.

40. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

41. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

42. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

43. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

44. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

45. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

### TRIAL BY JURY

46. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Date: June 28, 2018                        Hyde & Swigart

                                           By:__/s/ David J. McGlothlin___
                                           David J. McGlothlin
                                           Attorney for the Plaintiffs